SHEPHERD, J.
Appellant, D.T.C., appeals an order finding he committed the offense of unlawful possession of a firearm by a minor but withholding adjudication and placing D.T.C. on probation with conditions, including seventy-five hours of community service. We affirm.
The order on appeal was entered in writing on September 8, 2005. On September 22, 2005, D.T.C. filed a notice of appeal of that order. The next day, September 23, 2005, the State filed a motion to modify plea, arguing D.T.C. should have received 100 hours of community service instead of seventy five. See § 790.22(5)(a), Fla. Stat. (2005)(“A minor who violates subsection (3) [possession of a firearm by a minor] commits a misdemeanor of the first degree ... and ... shall be required to perform 100 hours of community service.”). The trial court docket reflects the trial court orally granted this motion on October 5, 2005.
Based on a plain reading of Florida Rule of Juvenile Procedure 8.135(a), the State was precluded from filing its motion to modify plea the day after D.T.C. filed his notice of appeal. Rule 8.135(a) states:
Rule 8.135. Correction of Disposition or Commitment Orders
(a) Correction. A court at any time may correct an illegal disposition or commitment order imposed by it. However, a party may not file a motion to correct under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or duriny the pendency of a direct appeal.
*1240 Rule 8.135(a)(emphasis added). It follows then that the trial court lacked jurisdiction to entertain the State’s motion.
Because the State’s motion was filed one day after D.T.C. filed his notice of appeal, D.T.C. had no reason to know at the time he filed his notice that the State would seek to increase his seventy-five hour sentence. Nevertheless, the sole challenge D.T.C. raises in his initial brief on this appeal is that the trial court violated double jeopardy by orally increasing his sentence to 100 hours. As we have stated, the trial court lacked jurisdiction to consider the State’s motion. Thus, there is no double jeopardy issue to be considered. In addition, because the State did not cross-appeal the improper sentence, we are unable to adjust the sentencing error on this appeal.
Accordingly, we affirm the trial court’s September 8, 2005 order.